Merit System — Department — Reductions The Corporation Commission must determine if funds are available from any appropriate source, including the Motor Vehicle Enforcement Act Fund, to pay the employee whom it has voluntarily hired and who has been properly classified under the Merit System. If those funds are available, the employee must be paid. If the funds are not available, the Corporation Commission may reduce its employment force, but it must do so in accordance with its reduction m force formula approved by the State Personnel Board. The Attorney General has considered your letter in which you ask, in effect, if a person employed by the Corporation Commission as a Motor Carrier Enforcement Officer is entitled to his pay for such employment where the Legislature failed to make a line item appropriation for the position of "Information Clerk" from which the employee was paid while performing the functions of an enforcement officer. You note that the employee in question was properly classified with approval of the Corporation Commission as a Motor Carrier Enforcement Officer. effective March 20, 1969. S.B. No. 53 (O.S.L. 1969, ch. 259, p. 325), approved April 25, 1969, appropriated to the Corporation Commission for the next ensuing fiscal year a sum of $465,840.00 for personal services of employees authorized in Section 2 of the bill. S.B. No. 53 did not contain the item "Information Clerk" found in the last several appropriations to the Commission. It was from this item that the employee in question had been paid while performing the functions of enforcement officer. Motor Carrier Enforcement Officers are authorized by 47 O.S. 172 [47-172] (1969), which states in pertinent part, as follows: "(c) The Corporation Commission is hereby authorized and empowered to appoint . . . five enforcement officers at such salaries as the Legislature may from time to time prescribe. . . ." Title 47 O.S. 171 [47-171] (1961), provides in pertinent part, as follows: "All monies accruing to the 'Motor Vehicle Act Enforcement Fund' together with all monies remaining in the 'Motor Vehicle Act Enforcement Fund' created by 47 O.S. 164 [47-164] (1951) are hereby appropriated to the Corporation Commission and shall be used as hereinafter set out. "The Corporation Commission is hereby authorized and empowered to employ such extra help as may be necessary to carry out the provisions of The Motor Vehicle Enforcement Act, 47 O.S. 161 [47-161] — 47 O.S. 174 [47-174] (1961), as amended for the enforcement of the law and the collection of taxes set forth herein, said employees to be paid from the appropriation made in this section." We are informed by the Budget Office that the Motor Vehicle Enforcement Act Fund has had at the end of each month of this fiscal year a balance in excess of $20,000.00. Thus it would appear that funds are available to pay some additional help as the Corporation Commission deems necessary under the provisions of 47 O.S. 171 [47-171] (1961), quoted above. Employees of the Corporation Commission are classified employees under the Merit System. 74 O.S. 803 [74-803] (1969). Such employees can be suspended, demoted or discharged from their positions of employment for misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, wilful violation of the Merit System Act or the Rules prescribed by the State Personnel Board, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause. 74 O.S. 833 [74-833] (1969); Rules for the Merit System of Personnel Administration 1205 hereinafter referred to as Rules. None of the above reasons was assigned for the termination of the employment in question. Rather. the grounds for such termination was the insufficiency of funds because the Legislature failed to make a line item appropriation to that position of employment from which the employee in question was paid. 74 O.S. 833 [74-833] (1969), supra, provides in pertinent part, as follows: "Whenever the number of employees in any agency, department or institution is reduced because of the shortage of funds or work, or a material change in duties or organization, or for any other reason, the state agency shall, subject to the approval of the State Personnel Board, provide by rule for such reduction and layoff within the agency or department. The rule shall provide for adequate competition among employees affected by the layoff or deduction in force and for retention of employees based upon systematic consideration of type of employment, length of service, and efficiency." Rule 1220 of the State Personnel Board provides, in pertinent part, as follows: "Termination by reduction in force shall be accomplished in a systematic manner with equity for the rights of employees and shall not be allowed as a subterfuge to abrogate an employee's right of appeal if the reduction in force termination is in fact a dismissal." As noted above the employee in question was being paid from a line item appropriation to another type of position within the Corporation Commission. Whether this practice is proper we do not decide, nor do we decide what effect the failure of the Legislature to make a line item appropriation to the position of "Information Clerk" would have on the employee in question had he been performing the functions of that position. We do decide, and it is the opinion of the Attorney General, that the Corporation Commission must determine if funds are available from any appropriate source, including the Motor Vehicle Enforcement Act Fund, to pay the employee whom it has voluntarily hired and who has been properly classified under the Merit System. If those funds are available, the employee must be paid. If funds are not available, the Corporation Commission may reduce its employment force, but it must do so in accordance with its reduction in force formula approved by the State Personnel Board. How the availability of funds or the appropriate reduction in force by the Corporation Commission will affect the employee in question is for the Corporation Commission and the State Personnel Board to decide. (Tim Leonard)